**Sanjay S. Schmidt (SBN 247475)**
**LAW OFFICE OF SANJAY S. SCHMIDT**
1388 Sutter Street, Suite 810
San Francisco, CA 94109
T: (415) 563-8583
F: (415) 223-9717
ss@sanjayschmidtlaw.com

**T. Kennedy Helm, IV (SBN 282319)**
**HELM LAW OFFICE, PC**
644 40th Street, Suite 305
Oakland, CA 94609
T: (510) 350-7571
F: (510) 350-7359
kennedy@helmlawoffice.com

*Attorneys for Plaintiff*,
JOSE ALBERTO GARCIA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| **JOSE ALBERTO GARCIA**,<br><br>          Plaintiff,<br><br>     vs.<br><br>**COUNTY OF STANISLAUS**, a municipal corporation; Stanislaus County Sheriff's Deputies **RICHARD JOHNSON**, individually, **JESSUE CORRAL**, individually, and **WADE CARR**, individually; Stanislaus County Sheriff's Sergeants **JOSHUA SANDOVAL**, individually, and **THOMAS LETRAS**, individually; and, **DOES 1–30**, Jointly and Severally,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** |

//

//

//

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.

1

Plaintiff, JOSE ALBERTO GARCIA, by and through his attorneys, the LAW OFFICE OF SANJAY S. SCHMIDT and HELM LAW OFFICE, PC, for his Complaint against Defendants, states as follows:

## INTRODUCTION

1. This case arises from the January 19, 2019 mauling of Mr. Jose Alberto Garcia's right foot by *Mojo*, a Stanislaus County Sheriff Department "K-9" dog, deployed, controlled, and commanded by Stanislaus County Deputy Sheriff Wade Carr. Mr. Garcia was unarmed, shoeless, and compliant, when Deputy Carr commanded *Mojo* to bite and hold him for a substantial period of time. The severity of the injuries inflicted by the deployment of *Mojo* and *Mojo's* mauling of Mr. Garcia's right foot required Mr. Garcia to undergo emergency surgery hours after the mauling to, inter alia, insert a plate and screws. Convalescing and unable to stand on his feet, he has incurred a substantial loss of earnings for the period during which he has been unable to work as a commercial painter. He continues to have pain in his right foot during cold weather, and may require further treatment and surgery in the future. The injuries inflicted by the deployment of *Mojo* are grievous. Plaintiff's future prognosis is uncertain. Here is a picture of the injuries inflicted on Plaintiff's foot from the deployment of *Mojo*:



**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.

**JURISDICTION AND INTRADISTRICT ASSIGNMENT TO FRESNO DIVISION**

2. This is a civil-rights enforcement action, arising from the use of excessive force as well as other state and federal civil rights violations, to which Plaintiff was subjected by Defendants, on or about January 19, 2019, which occurred in Riverbank, California.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because Plaintiff brings this action to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

4. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law. This Court is the proper venue, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to the claims occurred in the County of Stanislaus. A substantial part of the events and/or omissions complained of herein occurred in the City of Riverbank, Stanislaus County, California, and, pursuant to Eastern District Civil Local Rule 120(d), this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California.

**PARTIES AND PROCEDURE**

5. Plaintiff JOSE ALBERTO GARCIA is a citizen of the United States, a competent adult, and a resident of the State of California. Plaintiff brings these claims pursuant to both state and federal law, individually. Plaintiff also brings these claims as a Private Attorney General, to vindicate not only his rights, but also others' civil rights of great importance.

6. Defendant STANISLAUS COUNTY ("COUNTY") is a public entity, established by the laws and Constitution of the State of California, which owns, operates, manages, directs, and controls the Stanislaus County Sheriff's Department ("SCSD"), and is the employer of the individual COUNTY Defendants, as well as certain DOE Defendants. Under its authority, the COUNTY operates the SCSD.

7. Defendant Deputy RICHARD JOHNSON at all material times was employed as a law-

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL
Case No.

3

enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

8. Defendant Sergeant JOSHUA SANDOVAL at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

9. Defendant Sergeant THOMAS LETRAS at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

10. Defendant Deputy JESSUE CORRAL at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

11. Defendant Deputy WADE CARR at all material times was employed as a law-enforcement officer by Defendant COUNTY's SCSD, and he was acting in the course and scope of that employment at all material times.

12. The true names and capacities of Defendants sued herein as DOES 1–30 ("DOE Defendants") are unknown to Plaintiff GARCIA, who, therefore, sues said Defendants by such fictitious names.  Plaintiff GARCIA will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained.  Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

13. DOE Defendants 1-20 were employees/agents of Defendant COUNTY and the SCSD, and at all material times acted within the course and scope of that relationship.  DOE Defendants 21-30 potentially were employees/agents of another, potential, or to-be-identified entity, and at all material times acted within the course and scope of that relationship.

14. Plaintiff GARCIA is informed and believes, and thereon alleges, that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.

4

15. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including DOE Defendants.

16. Plaintiff GARCIA is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

17. Plaintiff GARCIA is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise, specifically alleged.

18. At all material times, each Defendant was jointly engaged in tortious activity, and was an integral participant in the events and violations of rights described herein, resulting in the deprivation of Plaintiff GARCIA's constitutional rights and other harm.

19. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, and procedures of the COUNTY and/or the SCSD.

20. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

21. Plaintiff GARCIA timely and properly filed a government code claim pursuant to California Government Code § 910 *et seq*, and this action is timely filed within all applicable statutes of limitation.

22. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

23. Plaintiff GARCIA realleges each and every paragraph in this Complaint, as though fully set forth here.

24. On Friday night, January 18, 2019, at about 10:23 p.m., SCSD Deputy Richard JOHNSON was dispatched to the area of Terminal Avenue and Iowa Avenue, in Riverbank, California, after

911 callers reported hearing gun shots fired.

25. The only report was of the sound of gun shots. None of the 911 callers reported having heard screaming, crying, confrontational yelling, or any other sound consistent with an altercation or people having been injured as a result of the gunshots.

26. Upon arriving to the area of Terminal Avenue and Iowa Avenue, in Riverbank, Deputy JOHNSON did not hear any sounds of shots fired, and did not see any evidence of shots having been fired.

27. At 11:02 p.m., SCSD dispatch received a phone call from A.M., claiming that her neighbor, Plaintiff GARCIA, was outside in his backyard shooting off a handgun into the air.

28. Deputy JOHNSON spoke by phone with A.M., who claimed that Plaintiff GARCIA had fired gunshots into the air over an hour earlier.

29. A.M. did not tell Deputy JOHNSON that she had heard screaming, crying, or any other sounds consistent with anyone having been injured by the gunshots.

30. Deputy JOHNSON told Sgt. Joshua SANDOVAL about his conversation with A.M.

31. Deputy JOHNSON and Sgt. SANDOVAL decided to attempt a "surround and call-out" at Plaintiff GARCIA's home, to get Plaintiff GARCIA to come out of his house.

32. Deputy JOHNSON and Sgt. SANDOVAL also requested that the COUNTY's helicopter unit help in the surround and call-out to get Plaintiff GARCIA to come out of his house.

33. By this time, Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and LETRAS had arrived to assist in the surround-and-call-out operation.

34. Around this time, Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and LETRAS learned that the surround-and-call-out operation involved only a possible careless shooter, with no reports of any injuries.

35. Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and LETRAS pulled up in front of Plaintiff's home, and pointed their patrol vehicles' overhead spotlights to illuminate the front yard, covering the 15–20 yards from the edge of the front yard to the front concrete stoop/porch and the front door of Plaintiff's home.

36. By this point, the COUNTY's helicopter unit hovered overhead, using its spotlight to light

the front yard, front stoop/porch, and the front door of Plaintiff's home.

37. Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and LETRAS stood near their patrol vehicles, beyond the front yard's chain-link fencing, at least 15–20 yards from the front door.

38. Plaintiff GARCIA, and soon thereafter, his wife, A.G., awoke to the sound of the COUNTY's helicopter overhead, and commands over a loudspeaker "to come outside with your hands up!"

39. Plaintiff GARCIA's wife, A.G., opened the front door and walked slowly out of the front door with her hands up behind her head.

40. Deputy CORRAL commanded A.G. to come out with her hands up behind her head, and she complied.

41. While she was still standing on the front steps, one or more of Defendants, including JOHNSON, CORRAL, CARR, SANDOVAL, and LETRAS crossed the yard into the curtilage of the home and grabbed A.G., handcuffed her behind her back, walked her to a patrol vehicle, and put her inside.

42. Plaintiff GARCIA was also ordered out of the house.

43. Commands were issued to Plaintiff, which he followed.

44. Nonetheless, Plaintiff GARCIA heard a dog barking and then saw Defendant CARR's K-9, *Mojo*, running towards him.

45. Deputy CARR deployed *Mojo* into the curtilage of Plaintiff's home, commanding *Mojo* to bite and hold Plaintiff GARCIA.  The other deputies that were present, including the named Defendants, aided and abetted, and/or acquiesced in the deployment of K-9 *Mojo* to bite and hold Plaintiff.

46. The deployment of Mojo to bite and hold Plaintiff was contrary to generally accepted law-enforcement standards and appropriate police practices.

47. K-9 *Mojo* ran up to Plaintiff GARCIA and bit his right hand.

48. K-9 *Mojo* then pulled Plaintiff GARCIA onto the lawn.

49. Plaintiff GARCIA ended up on his back, and K-9 Unit *Mojo* began biting and holding his

right foot.

50. Two to three of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS were standing around, about five feet away, while *Mojo* mauled Plaintiff GARCIA's foot for a substantial period of time. Thus, these Defendants were in a position and had time to intervene, but failed to do so.

51. The conduct of the Defendants caused Plaintiff to be unreasonably seized and subjected to excessive force, including ordering and/or allowing K-9 *Mojo* to attack, bite, and hold Plaintiff.

52. During the mauling, Plaintiff GARCIA experienced excruciating pain, and he was yelling for the dog to be taken off of him.

53. Defendant CARR eventually gave the release command to his K-9, *Mojo*, to release Plaintiff GARCIA's right foot.

54. One or two of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS rolled Plaintiff GARCIA onto his stomach, handcuffed him behind his back, and pulled him to his feet.

55. Plaintiff GARCIA, experiencing excruciating pain, said, inter alia, that it hurt a lot, and pleaded to be taken to the hospital.

56. Two or more of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS then laughed.

57. One or more of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS walked Plaintiff GARCIA to a patrol car, where he sat in excruciating pain for about 15 minutes, bleeding, while one or more of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS interrogated him about what had happened earlier that night.

58. At about 11:43 p.m., one of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, or LETRAS called for an ambulance to treat Plaintiff GARCIA.

59. The ambulance arrived on scene about four minutes later, at about 11:47 p.m., and began treating Plaintiff GARCIA, at about 11:48 p.m.

60. At about 11:50 p.m., the ambulance personnel put Plaintiff GARCIA on a gurney, and dressed his right foot before leaving for Doctors Medical Center of Modesto.

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.

8

61. At about 11:55 a.m., one or more of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, and/or LETRAS told the ambulance personnel to downgrade the transport from a Code 3, an emergency with ambulance lights and siren, to a Code 2, without ambulance lights and siren.

62. The ambulance transporting Plaintiff GARCIA arrived at Doctors Medical Center of Modesto at about 12:12 a.m., on January 19, 2019.

63. Plaintiff GARCIA required emergency surgery for the grievous wounds the intentional deployment of *Mojo* had inflicted on his right foot.

64. The treating surgeon pre-operatively diagnosed Plaintiff GARCIA with: (1) Right grade II First metatarsal open fracture; and, (2) right foot multiple open wounds with possible tendon laceration to the extensor tendons.

65. Plaintiff GARCIA was intubated, and the surgeon irrigated Plaintiff GARCIA's right foot.

66. The surgeon noted "multiple irregular stellate lacerations to the dorsom of his foot over the dorsomedial aspect involving skin and open fracture."

67. Plaintiff's injuries required the surgeon to insert a metal plate with screws into Plaintiff GARCIA's right foot, inter alia.

68. Plaintiff GARCIA remained an inpatient at Doctors Medical Center, on intravenous antibiotics, until his discharge, on Monday, January 21, 2019.

69. As a result of the serious injuries that were inflicted on his foot, Plaintiff GARCIA could not walk, and he could not work as a painter, during at least the rest of 2019.

70. On October 24, 2019, the Stanislaus County District Attorney filed CR 19010243, *People v. Jose Alberto Garcia*, a two-count criminal complaint against Plaintiff GARCIA, alleging that he had committed: (1) a felony violation of California Penal Code § 246.3(a) (negligent discharge of a firearm); and (2) a misdemeanor violation of California Penal Code § 148(a)(1) (resisting, delaying, or obstructing Deputies JOHNSON and CORRAL in the lawful performance of their duties).

71. On October 30, 2020, the criminal case, CR 19010243, *People v. Garcia*, was dismissed in the interest of justice, pursuant to California Penal Code § 1385.

72. Acting as integral participants, each with fundamental involvement in the violations of Plaintiff GARCIA's rights described herein, Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 subjected Plaintiff GARCIA to an unreasonable seizure and use of excessive force in the form of the intentional deployment of K-9 *Mojo*, and causing K-9 *Mojo* to remain needlessly engaged on Plaintiff, severely mauling, disfiguring, and permanently injuring his right foot.

73. Defendant CARR's deployment of K-9 *Mojo* to bite and hold Plaintiff GARCIA, together with the conduct described above, constituted excessive force under the circumstances that caused serious injury to Plaintiff GARCIA.

74. The force used by Defendant CARR against Plaintiff GARCIA was unjustified and objectively unreasonable under the circumstances.

75. At all times, the seizure of Plaintiff GARCIA by Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 in the form of the deployment of K-9 *Mojo* was unlawful, lasted an excessive amount of time, and was conducted unreasonably.

76. Alternatively, or concurrently, the excessive and unreasonable actions of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 created the situation in which Defendant CARR decided to unlawfully seize and use force against Plaintiff GARCIA, and caused an escalation of events leading to the unlawful seizure and use of force against, and injury to, Plaintiff GARCIA.

77. At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff GARCIA's rights, done with actual malice, recklessness, gross negligence, deliberate indifference, negligence, and/or were otherwise objectively unreasonable.

78. Plaintiff GARCIA has incurred past medical bills for the emergency surgery and other follow-up care for his injuries caused by Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10, and likely will incur additional medical bills and other harms and losses – both economic and non-economic – in the future as a result of the serious injuries that were inflicted on him.

79. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff GARCIA sustained the following injuries and damages, past and future, including, but not limited to:

    a. Significant physical injuries to his right foot, requiring emergency surgery and follow-up medical treatment, including, but not limited to, broken bones, bone loss, puncture wounds, soft tissue injuries, cuts, and lacerations;

    b. Lost wages and income, past and future;

    c. Wrongful seizure;

    d. Pain and suffering;

    e. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, and loss of liberty;

    f. Medical expenses, past and future;

    g. Violations of – and deprivations of – state and federal constitutional rights;

    h. All other legally cognizable special and general damages; and

    i. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983 – Fourth Amendment Violations)**
**PLAINTIFF AGAINST DEFENDANTS JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10**

80. Plaintiff GARCIA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

81. By the actions and omissions described above, Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10, acting under color of state law in their individual capacities, and as integral participants, violated 42 U.S.C. § 1983, depriving Plaintiff GARCIA of his civil rights by violating the following clearly established and well-settled constitutional rights protected by the Fourth Amendment to the U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment; and

   b. The right to be free from excessive and unreasonable force in the course of a detention or arrest, as secured by the Fourth Amendment.

82. By the actions and omissions described above, Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 deprived Plaintiff GARCIA of the right to be free from unreasonable seizures and the use of excessive force, as secured by the Fourth Amendment to the U.S. Constitution.

83. The Defendants named in this cause of action subjected Plaintiff GARCIA to their wrongful conduct, depriving Plaintiff GARCIA of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff GARCIA would be violated by their acts and/or omissions.

84. As a direct and proximate result of the actions and/or omissions as set forth above, Plaintiff GARCIA sustained injuries and damages as set forth at ¶ 79, above.

85. The conduct of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 entitles Plaintiff GARCIA to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law. No punitive damages are sought against the COUNTY.

86. Plaintiff GARCIA is also entitled to reasonable costs and attorneys' fees, under 42 U.S.C. § 1988 and applicable California codes and laws.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – SUPERVISORY AND MUNICIPAL LIABILITY)**
**PLAINTIFF GARCIA AGAINST DEFENDANTS COUNTY AND DOES 11–20**

87. Plaintiff GARCIA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

88. On information and belief, the unconstitutional actions and/or omissions of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10 were pursuant to the following customs, policies, practices, and/or procedures of the Stanislaus COUNTY's Sheriff's Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by

Defendant COUNTY, DOES 11–20, and other policy-making officials for Defendant COUNTY and the SCSD:

    a.    To use or tolerate the use of excessive and/or unjustified force, including the use of K-9s specifically and in the application of force generally;

    b.    To engage in or tolerate unreasonable seizures;

    c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning the use of force, seizures, the use of physical arrest tactics, and the use of K-9s, when the need for such training, supervision, policies, and procedures was/is obvious;

    d.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, dishonesty, and/or other misconduct;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law enforcement activity; and,

        iii.    by allowing, tolerating, and/or encouraging deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and Sheriff's Department personnel, whereby a deputy or member of the Sheriff's Department does not provide adverse information against a fellow deputy or member of the Sheriff's Department or hold another member accountable for official misconduct;

    f.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

    g.    To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a)–(f) above, with deliberate indifference to the rights and safety of Plaintiff GARCIA and the public, and in the face of an obvious need for such policies, procedures, and training programs.

89. Defendants COUNTY and DOES 11-20 failed to properly hire, train, instruct, monitor,

supervise, evaluate, investigate, and discipline Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, DOES 1-10 and other law enforcement personnel, with deliberate indifference to Plaintiff GARCIA's constitutional rights, which were thereby violated as described above.

90. The unconstitutional actions and/or omissions of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10, as described above, were approved, tolerated and/or ratified by Defendant COUNTY, DOES 11–20, and other policy-making officials for the SCSD.  Plaintiff GARCIA is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policymakers within Defendant COUNTY and the SCSD, and that such policymakers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policymakers within Defendant COUNTY and the SCSD, including DOES 11–20, have approved of the conduct of Defendants JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, and DOES 1-10, and have made a deliberate choice to endorse their decisions and the basis for those decisions.  By so doing, the authorized policy makers within Defendant COUNTY and the SCSD, including DOES 11–20, have shown affirmative agreement with the individual defendant deputies' actions, and have ratified the unconstitutional acts of the individual defendant deputies.

91. The aforementioned customs, policies, practices, and procedures, the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants COUNTY and the SCSD, and DOES 11–20, were a moving force and/or a proximate cause of the deprivations of Plaintiff GARCIA's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in ¶¶ 80-86, above.

92. Defendants subjected Plaintiff GARCIA to their wrongful conduct, depriving Plaintiff GARCIA of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff GARCIA and others would be violated by their acts and/or omissions.

93. As a direct and proximate result of the unconstitutional actions, omissions, customs,

policies, practices and procedures of Defendants COUNTY and DOES 11–20, as described above, Plaintiff GARCIA sustained serious injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 79, above, and he is entitled to punitive damages against the to-be-identified policy maker and/or supervisorial Defendants in their individual capacities.  Plaintiff GARCIA does not seek punitive damages against Defendant COUNTY directly.

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)
### PLAINTIFF AGAINST DEFENDANTS JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, DOES 1-10, and COUNTY

94. Plaintiff GARCIA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

95. By their acts, omissions, customs, and policies, each Defendant acting in concert / conspiracy, as described above, interfered with, attempted to interfere with, and violated Plaintiff GARCIA's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to be free from unreasonable searches and seizures, as secured by the Fourth Amendment;

   b. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment;

   c. The right to be free from unlawful and unreasonable seizure of one's person, as secured by the California Constitution, Article 1, Section 13;

   d. The right to be free from unreasonable and excessive force, as secured by the California Constitution, Article 1, Section 13;

   e. The right to enjoy and defend life and liberty, acquire, possess, and protect property, and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

   f. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

96. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was

not necessary or inherent to Defendants' violation of Plaintiff's rights, nor to any legitimate law enforcement activity.

97. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

98. Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of their employment.

99. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 79, and to punitive damages against the individual Defendants and DOES 1–10 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties.  No punitive damages are sought against Defendant COUNTY directly.

**FOURTH CAUSE OF ACTION**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST ALL DEFENDANTS**

100. Plaintiff GARCIA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

101. At all times, each Defendant owed Plaintiff GARCIA the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

102. At all times, each Defendant owed Plaintiff GARCIA the duty to act with reasonable care.

103. These general duties of reasonable care and due care owed to Plaintiff GARCIA by all Defendants include, but are not limited to, the following specific obligations:

    a.    to refrain from using or tolerating the use of excessive and/or unreasonable force against Plaintiff GARCIA;

    b.    to refrain from unreasonably seizing Plaintiff GARCIA, or tolerating such conduct by others;

   c. to refrain from tactics and conduct that led to the otherwise unnecessary seizure of and use of force against Plaintiff GARCIA;

   d. to refrain from abusing the authority granted to them by law;

   e. to refrain from violating Plaintiff GARCIA's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

104. Additionally, these general duties of reasonable care and due care owed to Plaintiff GARCIA by Defendants include, but are not limited to, the following specific obligations:

   a. to institute and require proper and adequate training, supervision, policies, and procedures concerning the use of force;

   b. to properly and reasonably hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or COUNTY SCSD deputies, including Defendant Deputy CARR, to ensure that those employees/agents/deputies act at all times in the public interest and in conformance with law;

   c. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff GARCIA's;

   d. to institute and enforce proper procedures and training for deploying K-9s;

   e. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 88(a)–(g), above.

105. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to Plaintiff.

106. Defendant COUNTY is vicariously liable, pursuant to California Government Code § 815.2.

107. As a direct and proximate result of Defendants' negligence, Plaintiff GARCIA sustained injuries and damages, and is entitled to relief as set forth above, in ¶ 79, and to punitive damages against the individual Defendants.  No punitive damages are sought against the COUNTY directly.

//

//

//

**FIFTH CAUSE OF ACTION**
**(ASSAULT AND BATTERY)**
**PLAINTIFF AGAINST DEFENDANTS JOHNSON, CORRAL, CARR, SANDOVAL, LETRAS, DOES 1-10, and COUNTY**

108.    Plaintiff GARCIA re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

109.    By the acts of the individually named Defendants and DOES 1-10, as alleged above, Plaintiff was subjected to an assault and battery, thereby entitling Plaintiff to damages pursuant to California law.

110.    The aiding and abetting and/or failure to intervene and/or failure to prevent this assault and battery gives rise to liability on the part of the other individually named and/or DOE Defendants.

111.    Defendant COUNTY is not sued directly in this cause of action, but is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

112.    As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above, at ¶ 79. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

113.    In committing the acts alleged above, Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages against these individual defendants in an amount to be proven at trial. No punitive damages are sought against the COUNTY directly.

**PRAYER FOR RELIEF**

114.    WHEREFORE, Plaintiff GARCIA respectfully requests the following relief against each and every Defendant herein, jointly and severally:

        a.    Compensatory damages in an amount according to proof and which is fair, just and reasonable;

        b.    Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair,

just, and reasonable (punitive damages are not sought against Defendant COUNTY);

  c. For attorneys' fees and costs of suit under 42 U.S.C. § 1988;

  d. For attorneys' fees and costs of suit under California Civil Code § 52.1(i);

  e. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 1021.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

  f. Injunctive relief, including, but not limited to, the following:

    i. An order prohibiting Defendant COUNTY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and/or supervision as may be determined and/or adjudged by this case; and,

  g. For such other and further relief as this Court may deem appropriate, just, or proper.

## JURY TRIAL DEMAND

Plaintiff GARCIA hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure, for all claims for which a jury is permitted.

Dated: March 4, 2021    Respectfully Submitted,

            **LAW OFFICE OF SANJAY S. SCHMIDT**
            -and-
            **HELM LAW OFFICE, PC**

            */s/ Sanjay S. Schmidt*
            By: SANJAY S. SCHMIDT
            *Attorneys for Plaintiff,*
            JOSE ALBERTO GARCIA

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**
Case No.